UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                                        No. 20-32

TRAVIS WHITE                                                           SECTION I

### ORDER & REASONS

Before the Court is defendant Travis White's ("White") motion for compassionate release or a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The government opposes the motion.[2] For the reasons below, the Court denies the motion.

### I.  BACKGROUND

On May 5, 2021, White pleaded guilty to a three-count superseding bill of information charging him with conspiracy to commit mail fraud, conspiracy to unlawfully deal in firearms, and selling a firearm to a felon.[3] On February 16, 2022, this Court sentenced White to three fifty-one-month terms of imprisonment, to be served concurrently.[4] White is currently incarcerated at USP Pollock in Pollock, Louisiana.[5]

---

[1] R. Doc. No. 110. This is White's third such motion. The Court denied his first motion without prejudice for failure to exhaust administrative remedies. R. Doc. No. 100. The Court dismissed his second motion because, though it was e-filed by White's attorney, the substance of the motion was written by White. R. Doc. No. 108.
[2] R. Doc. No. 113.
[3] R. Doc. Nos. 30 (superseding bill of information), 31 (minute entry of guilty plea).
[4] R. Doc. No. 77.
[5] R. Doc. No. 110, at 2.

1

White argues that his sentence should be reduced to time served or modified to home confinement "[g]iven his health conditions and the threat that Covid-19 continues to pose to his well-being."[6]

## II. STANDARDS OF LAW

Before a federal court assesses the merits of a motion for compassionate release, a defendant must show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has emphasized that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 208 L. Ed. 2d 466, 141 S. Ct. 920 (2020). Failure to satisfy this prerequisite is not jurisdictional, but is rather a mandatory claim-processing rule that must be enforced if invoked by the government. *Id.* at 468–69. The defendant bears the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Rodriguez*, No. 15-198, 2020 WL 5369400, at *2 (E.D. La. Sept. 8, 2020) (Feldman, J.); *United States v. Castro*, No. 15-309, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020) (Africk, J.).

Once exhaustion has been demonstrated, the Court "may" grant a reduction in sentence if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent they are applicable," it finds that "extraordinary and compelling reasons

---

[6] *Id.* at 1.

warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[T]he district court may deny [the defendant's] motion without reaching the Section 3553(a) factors if it determines that he has not identified 'extraordinary and compelling reasons' justifying his release." *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

According to statute, before granting a motion for reduction in sentence, the Court must also conclude that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). However, the Fifth Circuit—along with the Second, Fourth, Sixth, Seventh, and Tenth Circuits[7]—has held that "neither the [Sentencing Commission's] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Accordingly, this Court is "bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* Nonetheless, the Fifth Circuit has also recognized that the policy statement may still "inform[ ] [the court's] analysis." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

The most relevant policy statement is found in § 1B1.13 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."). The Application Notes to that policy statement, in turn, provide four categories of extraordinary and compelling reasons: "(1) medical conditions, (2) age, (3) family circumstances, and (4) 'other reasons.'" *Thompson*, 984

---

[7] *United States v. Brooker*, 976 F.3d 228 (2nd Cir. 2020); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021).

F.3d at 433 (quoting U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A)–(D)) (alterations omitted). The Application Notes further provide that a defendant's medical condition constitutes extraordinary and compelling reasons when "[t]he defendant is suffering from a terminal illness"; or when the defendant is "suffering from a serious physical or medical condition," a "serious functional or cognitive impairment, or" is "experiencing deteriorating physical or mental health because of the aging process" *and* that condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A).

### III.  ANALYSIS

The government concedes that White has exhausted his administrative remedies.[8] Accordingly, the Court will address the merits of White's motion.

White asserts that his hypertension, asthma, obesity, and sleep apnea put him at higher risk of complications associated with COVID-19 infection, and that this constitutes extraordinary and compelling reasons justifying compassionate release. Though White is vaccinated against COVID-19, he argues that this fact "does not eliminate concerns about underlying health conditions that might otherwise render an individual eligible for compassionate release."[9]

---

[8] R. Doc. No. 113, at 1.
[9] R. Doc. No. 110, at 6.

It is well established that generalized COVID-19 concerns do not constitute extraordinary and compelling reasons justifying compassionate release. *See United States v. Guyot*, No. 03-335, 2021 WL 230251, (E.D. La. Jan. 22, 2021) (Fallon, J.) ("[I]f general concerns about COVID-19 constituted extraordinary and compelling reasons, all incarcerated individuals would qualify for compassionate release."). "In some exceptional cases, courts have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he were to contract COVID-19, meaning 'the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release.'" *United States v. Foster*, No. 16-192, 2023 WL 111944, at *2 (E.D. La. Jan. 5, 2023) (Africk, J.) (quoting *United States v. Cason*, No. 15-277, 2022 WL 860423, at *3 (E.D. La. Mar. 23, 2022) (Fallon, J.)) (further citation omitted).

However, White has not demonstrated that his is such an "exceptional" case. White does not point to anything indicating that he is not able to provide self-care within the context of the BOP facility. *See* U.S.S.G. § 1B1.13, Policy Statement, cmt. n.1(A). He acknowledges that he is prescribed an inhaler for his asthma,[10] and he does not argue that his asthma is not well controlled. His medical records reveal that he has also been prescribed medication for hypertension.[11] Courts have determined that, where a defendant's medical conditions are being adequately treated, those medical conditions generally do not warrant compassionate release. *United States v.*

---

[10] *Id.* at 7.
[11] R. Doc. No. 104-1, at 7, 17, 23, 51.

*Mazur*, 457 F. Supp. 3d 559, 562 (E.D. La. 2020) (Africk, J.) (noting that "[c]ourts have also taken into account the quality of healthcare provided to the defendant while incarcerated" when considering compassionate release motions).

White also argues that his body mass index ("BMI") of over 25 elevates his COVID-19 risk,[12] as does his allegedly untreated sleep apnea.[13] However, Courts in this district have determined that conditions similar to White's are not extraordinary and compelling reasons justifying compassionate release. *United States v. Washington*, No. 15-200, 2022 WL 17251155, at *2 (E.D. La. Nov. 28, 2022) (Barbier, J.) ("Like hypertension, obesity is a very common condition, and therefore cannot be considered extraordinary.") (collecting cases holding the same); *United States v. Morgan*, No. 93-491, 2022 WL 16529940, at *4 (E.D. La. Oct. 28, 2022) (Africk, J.) ("[S]leep apnea does not constitute an extraordinary and compelling reason warranting compassionate release."); *United States v. Jones*, No. 15-61, 2020 WL 3606369, at *5 (Morgan, J.) ("Sleep apnea and hypertension are not [on] the CDC's list of COVID-19 risk factors, and Jones has not met his burden of showing they render him particularly susceptible to COVID-19.").

---

[12] R. Doc. No. 110, at 8

[13] *Id.* at 9. White includes a sleep study report dated June 15, 2022 as an exhibit to his motion. R. Doc. No. 110-2, at 62. He states that his "sleep apnea is not being treated in any meaningful way" as "he has not been provided the recommended CPAP machine." R. Doc. No. 110, at 9. The government does not respond to this allegation. However, as noted above, Courts in this district have determined that sleep apnea generally does not warrant compassionate release.

Because the Court concludes that White has not identified extraordinary and compelling reasons justifying release, it does not examine whether granting the requested relief would be consistent with the § 3553(a) factors.[14]

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that White's motion for compassionate release is **DENIED**.

New Orleans, Louisiana, April 25, 2023.

     _____
     **LANCE M. AFRICK**
     **UNITED STATES DISTRICT JUDGE**

---

[14] The Court notes, however, that White has served only a small percentage of his 51-month sentence. White was required to report a BOP facility on July 11, 2022, just over nine months ago. *See* R. Doc. No. 88 (granting White's second motion to extend the surrender date).